**UNITED STATES of America,**
**Appellee,**

v.

**Wilfredi PINO–CORREA, Defendant,**

Cecilio Reyes, Defendant–Appellant.

No. 05–6110–CR.

United States Court of Appeals, Second Circuit.

June 12, 2006.

Richard E. Kwasnik, Law, Office of Richard E. Kwasnik, New York, NY, for Defendant–Appellant.

Robert L. Capers, Assistant United States Attorney, (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Jo Ann M. Navickas, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

Present JOHN M. WALKER, JR., Chief Judge, JON O. NEWMAN, SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

Defendant-appellant Reyes appeals his conviction after jury trial of one count of

attempted possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (John Gleeson, *Judge).* Defendant was sentenced to incarceration for a period of 121 months, five years' supervised release, and a $100 special assessment. On appeal, defendant contends that 1) the evidence adduced at trial was insufficient to convict him of attempt to distribute heroin because the government's proof established only his preparation for the crime; and 2) there was no evidence establishing intent to distribute the drugs. We assume familiarity with the facts and procedural history of this case.

To overturn a jury conviction based on insufficient evidence, a defendant must show that, when all the evidence is viewed in a light most favorable to the government, no rational trier of fact could have found the required elements of the crime to be proven beyond a reasonable doubt. *United States v. Aleskerova,* 300 F.3d 286, 292 (2d Cir.2002). A conviction for attempt requires that the government prove that the defendant engaged in a substantial step toward the commission of a crime, which must be more than mere preparation. See *United States v. Martinez,* 775 F.2d 31, 35 (2d Cir.1985).

■ Defendant argues that the evidence produced at trial showed no more than his planning to buy heroin from Pino–Correa, not a substantial step. We disagree. Viewing the evidence in the light most favorable to the government, there was significant evidence that defendant and Pino–Correa had agreed to sell a kilogram of heroin and that, once defendant agreed that the sample was of adequate quality, the deal would be consummated in a hand-to-hand transaction. While the parties had, in an earlier conversation, narrowed the price to be between $55 and $57 thousand, subsequently the seller, Pino–Correa, had agreed to sell for the lower price. Defendant then met with Pino–Correa, and Pino–Correa testified that both parties understood that the sale was to be consummated on site. Thereupon, Reyes received the "sample" from Pino–Correa. There was therefore substantially more than simply a verbal agreement. Cf. *United States v. Delvecchio,* 816 F.2d 859, 862 (2d Cir. 1987).

■ Defendant also contends that there was no evidence from which a jury could infer that defendant's intent was to sell the drugs rather than to use them himself. Again, we disagree. The jury heard evidence from a government expert explaining that the quantity and purity of drugs that defendant intended to buy were inconsistent with personal use; in fact, the purity level would likely cause death if used before diluted. Pino–Correa also recounted his discussions with defendant before the drug sale, which indicated that defendant was interested in securing a steady supply of cocaine—a kilogram a week—that was plainly more than an individual could use by himself and from which the jury could infer that Reyes was in the business of selling drugs. In addition, during the deal itself, when Pino–Correa explained that he had a kilogram of heroin to sell, and not cocaine, defendant consulted with his partner before responding to Pino–Correa, an act inconsistent with purchasing for personal use. From that evidence, the jury was entitled to infer that defendant was consulting with his partner concerning whether they would be able to sell heroin rather than cocaine. In sum, we think there was sufficient evidence before the jury to convict defendant.

For the reasons set forth above, the judgment of the District Court for the Eastern District of New York is hereby **AFFIRMED.**