UNITED STATES of America,
Appellee,

v.

Eric MOSS, Defendant–Appellant.

No. 05–1524.

United States Court of Appeals,
Second Circuit.

March 27, 2007.

Daniel A. Hochheiser, Hochheiser & Hochheiser, LLP, New York, NY, for Appellant.

W.S. Wilson Leung, Assistant United States Attorney for the Southern District of New York, (Michael J. Garcia, United States Attorney for the Southern District of New York, Marcus A. Asner, Assistant United States Attorney for the Southern District of New York, of counsel), New York, NY, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. BARRINGTON D. PARKER, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

■ The defendant-appellant Eric Moss challenges his conviction for attempt to distribute and possess with intent to distribute at least 500 grams of cocaine. An attempt conviction requires "that the defendant had the intent to commit the crime and engaged in conduct amounting to a substantial step towards the commission of the crime." *United States v. Brand,* 467 F.3d 179, 202 (2d Cir.2006) (quotation marks and citations omitted). We assume that the parties and counsel are familiar with the facts, the procedural history of this case, and the scope of the issues presented on appeal.

Moss asserts that the government did not prove that he had the intent to commit the substantive crime. At the last meeting between Moss and Daniel Macias, the government informant, Macias asked Moss "So [t]wo I'll tell them?" and Moss responded "Yeah, it's [t]wo at [t]wenty-[o]ne [f]ifty." Drawing "all reasonable inferences ... in favor of the verdict," *see United States v. Crowley,* 318 F.3d 401, 407 (2d Cir.2003), this was sufficient to support the jury's verdict with respect to intent.

■ Moss contends that the evidence cannot support a finding that he took a substantial step towards distributing and possessing with intent to distribute cocaine. He notes that he did not have enough money to purchase two kilograms at Macias's prices. But the government presented evidence that Moss and Macias had engaged in credit transactions, and that Macias offered to so structure this deal. The $24,480 found in Moss's car upon his arrest, though short of the $43,000 cost of two kilograms, could thus have been enough to consummate this sale.

Moss also argues that accumulating $24,480 and showing it to Macias at their last meeting cannot constitute a substantial step. To be sure, "evidence of a verbal agreement alone, without more, is insufficient as a matter of law to support an attempt conviction." *United States v. Delvecchio,* 816 F.2d 859, 862 (2d Cir.1987). But here there is considerably more than a mere "verbal agreement"—Moss gathered over $24,000 in cash and showed it to his prospective seller to demonstrate his willingness to complete the deal. The evidence was sufficient to support Moss's attempt conviction.

■ Finally, Moss argues that his Sixth Amendment right to trial by jury was violated when the district judge found facts relevant to his sentence by a preponderance of the evidence. But notwithstanding the changes wrought by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the "traditional authority of a sentencing judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection." *United States v. Crosby,* 397 F.3d 103, 112 (2d Cir.2005); *accord United States v. Garcia,* 413 F.3d 201, 220 n. 15 (2d Cir.2005); *see also United States v. Vaughn,* 430 F.3d 518, 525 (2d Cir.2005). Here, there was a jury finding as to the statutory drug quantity involved—500 grams or more of cocaine—triggering a five to forty year sentencing range, 21 U.S.C. § 841(b)(1)(B)(viii). The district judge's specific finding of two kilograms and the imposition of a sentence of eighty-seven months therefore do not violate *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See United States v. Gonzalez,* 420 F.3d 111, 115 (2d Cir.2005).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.