16-191-cr
United States v. Rivera

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand seventeen.

PRESENT: BARRINGTON D. PARKER,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                                    No. 16-191-cr

JESUS RIVERA,
*Defendant-Appellant*.

------------------------------------------------------------------

APPEARING FOR APPELLANT:      DEVIN MCLAUGHLIN, Langrock Sperry & Wool, LLP, Middlebury, Vermont.

Jesus Rivera, *pro se*, Bradford, Pennsylvania.

APPEARING FOR APPELLEE:      SARAH KRISSOFF, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 13, 2016, is AFFIRMED.

Defendant Jesus Rivera was convicted after a guilty plea of aiding and abetting murder in connection with an armed narcotics robbery. *See* 18 U.S.C. § 924(j)(1); § 2. On appeal, Rivera argues through counsel that (1) his indictment fails to state a distinct federal offense because § 924(j) is merely a penalty provision for § 924(c); and argues *pro se* that (2) his guilty plea lacked a sufficient factual basis, (3) Hobbs Act robbery was not a valid "crime of violence" predicate to a § 924(c) or (j) conviction, and (4) his sentence was substantively unreasonable. The government argues that Rivera waived the indictment challenge through his guilty plea, and his sentencing challenge through the appellate waiver in his plea agreement. In any event, it maintains that these arguments fail on the merits. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.   Indictment Challenge

Rivera challenges his indictment for alleging a violation of 18 U.S.C. § 924(j), which he argues is a mere penalty provision for § 924(c), not a distinct offense. By pleading guilty to the indictment, Rivera waived this challenge. *See United States v. Yousef*, 750 F.3d 254, 258–59 (2d Cir. 2014) (holding that guilty plea admitting all elements of crime generally waives all challenges to prosecution except those going to court's subject-matter jurisdiction, *i.e.*, court's "statutory or constitutional power to

2

adjudicate the case" (emphasis and internal quotation marks omitted)). It is meritless in any event.

As to waiver, even if we were to construe § 924(j) as a penalty provision, the district court unquestionably had subject-matter jurisdiction over Rivera's indictment, which included all the elements of the valid § 924(c) and (j) offense: (1) knowing use of a firearm (2) "during and in relation to any crime of violence or drug trafficking crime"; and (3) "in the course of" doing so, "caus[ing] the death of a person through the use of a firearm." 18 U.S.C. §§ 924(c), (j); *see United States v. Yousef*, 750 F.3d at 258 (stating that subject-matter jurisdiction not implicated if indictment "alleges all of the statutory elements of a federal offense"). The indictment here charged that Rivera: (1) "did aid and abet the use, carrying, and possession of a firearm," (2) "during and in relation to a crime of violence . . . namely, the attempted robbery of Jose Miguel Mendez of narcotics and narcotics proceeds," and (3) "in the course of that crime did cause the death of a person through the use of a firearm . . . [namely] Jose Miguel Mendez." App'x 17.

Even if this challenge were not waived, we would identify no error in the indictment's citation to § 924(j) alone, rather than in conjunction with § 924(c). "[N]either an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction," "[u]nless the defendant [is] misled and thereby prejudiced." Fed. R. Crim. P. 7(c)(2). That is not this case because § 924(j) expressly incorporates § 924(c) by reference, and the indictment pleaded each of the elements of the crime reflected in these two statutory sections. Indeed, this court has elsewhere summarily concluded that § 924(j) is likely a distinct offense. *United States*

3

*v. Young*, 561 F. App'x 85, 94 (2d Cir. 2014) (stating that "§ 924(j)'s authorization of the death penalty and life imprisonment likely indicates that it is a stand-alone offense"); *see also United States v. Julian*, 633 F.3d 1250, 1254 (11th Cir. 2011) (holding same). Accordingly, no indictment error warrants relief from judgment.

2.      Factual Basis for the Guilty Plea

We review Rivera's *pro se* sufficiency challenge to his guilty plea only for plain error because he did not explicitly challenge his plea's validity in the district court.    *See United States v. Rodriguez*, 725 F.3d 271, 276 (2d Cir. 2013) (citing *United States v. Vonn*, 535 U.S. 55, 59 (2002)).[1]    Rivera thus bears the burden of showing (1) an error (2) that is clear and obvious, (3) affecting "substantial rights," and (4) seriously impugning the "fairness, integrity, or public reputation of judicial proceedings."    *United States v. Wagner-Dano*, 679 F.3d 83, 94 (2d Cir. 2012).

We identify no error here, plain or otherwise.   In accepting a plea of aiding and abetting a § 924 offense, the district court need be satisfied only that a factual basis exists for (1) an "affirmative act furthering the underlying offense" and (2) "an intent to facilitate that offense's commission."    *United States v. Robinson*, 799 F.3d 196, 200 (2d Cir. 2015) (citing *Rosemond v. United States*, 134 S. Ct. 1240, 1245, 1247–50 (2014)). A factual basis exists for the requisite "affirmative act" if the defendant facilitates "any element of the underlying offense[] . . . even if the act did not specifically facilitate the

---

[1]  The government does not argue that this challenge is barred by Rivera's appeal waiver. *See United States v. Adams*, 448 F.3d 493, 497 (2d Cir. 2006) (concluding that when defendant's plea agreement includes appeal waiver, he may nonetheless "argue that the district court failed to satisfy the requirement that there is a factual basis for the plea").

4

use of the firearm." *Id.* Rivera here admitted that he "agreed . . . to assist" and was "involved in" the underlying narcotics robbery. App'x 33; *see United States v. Robinson*, 799 F.3d at 201 (holding that defendant's participation in underlying carjacking provided sufficient basis to support § 924(c) aiding-and-abetting conviction).

A factual basis exists for the requisite intent if the "defendant has prior knowledge that a firearm will be used" and an opportunity to "to walk away." *United States v. Robinson*, 799 F.3d at 200 (internal quotation marks omitted). In pleading guilty, Rivera agreed that he did not cease his participation in the robbery, despite knowing that his associates possessed a firearm. Indeed, the location at which Mendez was tortured was Rivera's own apartment. *See id.* at 201 (noting that "continu[ing] to participate" in robbery after gun is brandished provides adequate factual basis for intent to aid and abet § 924(c) crime (internal quotation marks omitted)).

Rivera cites no clearly established law holding that a district court may not accept a guilty plea for aiding and abetting such a § 924 crime absent the defendant's admission that the victim's death was planned in advance of an underlying robbery. To the contrary, we have previously concluded that "the malice of the [underlying] robbery satisfies murder's malice requirement" under 18 U.S.C. § 1111(a). *United States v. Thomas*, 34 F.3d 44, 48–49 (2d Cir. 1994); *accord United States v. Reis*, 369 F.3d 143, 152 (2d Cir. 2004); *see also United States v. Garcia-Ortiz*, 792 F.3d 184, 190 (1st Cir. 2015) (noting that Supreme Court's 2014 decision in *Rosemond* "did not enhance the knowledge required of an aider and abettor of § 924(j)"). We therefore reject Rivera's challenge to the factual basis for his guilty plea as meritless.

3.     Section 924 Predicate Challenge

Rivera argues, *pro se*, that the "Hobbs Act" robbery during which Mendez was murdered is not a "crime of violence,"[2] *see* 18 U.S.C. § 924(c)(1)(A), because such a robbery does not categorically include a violent "element," *id.* § 924(c)(3)(A), and cannot qualify based on a "substantial risk [of] physical force," *id.* § 924(c)(3)(B), in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). This court rejected similar challenges in *United States v. Hill*, 832 F.3d 135, 138 (2d Cir. 2016), but the mandate has not yet issued. We need not delay ruling in this case, however, because Rivera cannot demonstrate plain error as his § 924 conviction rests on a valid predicate in any event, specifically a drug trafficking felony, *see* 18 U.S.C. § 924(c)(1)(A).

Rivera here pleaded guilty to an indictment charging murder in the course of a robbery of "narcotics and narcotics proceeds." App'x 17. In short, the charged robbery was in furtherance of the conspiratorial drug trafficking scheme. In allocuting to the district court, Rivera stated that he was "involved in a narcotic[s] conspiracy," wherein he had "agreed . . . to assist . . . in committing a robbery of an individual delivering drugs," in the course of which a confederate "used that gun to murder the person being robbed." *Id.* at 33. This admission established that a gun was used in the course not only of a robbery but also of the "drug trafficking" conspiracy that the robbery furthered. This supports Rivera's § 924(j) conviction. *See generally United States v. Lewter*, 402 F.3d 319, 322 (2d Cir. 2005) (holding nexus between firearms offense and

---

[2] While the indictment does not classify the robbery as falling under the "Hobbs Act," we accept Rivera's characterization for purposes of this challenge.

6

drug-trafficking crime sufficient so long as "gun afforded some advantage (actual or potential, real or contingent) relevant to the vicissitudes of drug trafficking").

No different conclusion is warranted by the government's decision to dismiss, at sentencing, the substantive drug trafficking charge. The plain language of § 924(c) requires only that the predicate crime, whether of drug trafficking or violence, have been committed; the defendant need not be separately charged with that predicate crime and be convicted of it, so long as there is "legally sufficient proof that the predicate crime was, in fact, committed." *Johnson v. United States*, 779 F.3d 125, 129–30 (2d Cir. 2015). Because Rivera's own allocution provided the factual basis for the underlying narcotics offense, his § 924(j) challenge fails. *See United States v. Robinson*, 799 F.3d at 199 (noting that court assessing guilty plea may "accept a defendant's own admissions as true").

4.      Substantive Reasonableness

Rivera argues *pro se* that his below-Guidelines 270-month prison sentence was substantively unreasonable, particularly in light of rehabilitation following his prior incarceration for narcotics offenses. Rivera does not dispute that, in his plea agreement, he agreed not to appeal or otherwise challenge any sentence within or below the parties' stipulated Guidelines range of 324 to 405 months' imprisonment.[3] He nevertheless maintains that he was *effectively* sentenced above this range if one adds the 144 months previously served for arguably related narcotics activities to the 270 months imposed

---

[3]  The district court ultimately calculated Rivera's applicable Guidelines range as 360 months to life, which is not challenged here.

7

here.  Rivera cites no authority to support this construction of his plea agreement.  In any event, we need not pursue the point because, even if the plea agreement waiver did not apply here, we would reject his substantive reasonableness challenge as meritless.

We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions."  *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (emphasis and internal quotation marks omitted).  The imprisonment term to which Rivera was sentenced derived from an attempted robbery of narcotics and narcotics proceeds, in the course of which the robbery target was restrained, tortured, kidnapped, and then murdered.  A sentence of 270 months—even an effective total sentence of 414 months—was within the applicable Guidelines range of 360 months to life, which we will rarely deem substantively unreasonable.  *See United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) (noting that Guidelines sentences substantively reasonable in "overwhelming majority of cases" (internal quotation marks omitted)); *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008) (recognizing broad range of sentences, even outside Guidelines, to be substantively reasonable).

To the extent Rivera urges otherwise based on evidence of rehabilitation, the district court specifically acknowledged this fact but deemed it outweighed by the need to impose appropriate punishment for the crime of conviction and to provide the strongest possible general deterrence.  The assignment of weights to competing sentencing factors is a matter committed to the discretion of the district court.  *See United States v.*

8

*Mazza-Alaluf*, 621 F.3d 205, 214 (2d Cir. 2010). We conclude that the challenged sentence did not exceed that discretion.

5.      Conclusion

We have considered Rivera's remaining arguments and conclude that they are without merit.    Accordingly, the judgment of the district court is AFFIRMED.

<div style="margin-left: 40%;">
FOR THE COURT:<br>
CATHERINE O'HAGAN WOLFE, Clerk of Court
</div>