16-1653-cr
*United States v. Miguel Figueroa*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand twenty.

PRESENT:    ROBERT D. SACK,
            RICHARD C. WESLEY,
            DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee,*


            -v-                                    16-1653-cr

MIGUEL FIGUEROA,
                    *Defendant-Appellant,*

JOSHUA ORTIZ ROLON, AUGUSTIN TANCO,
                    *Defendants.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                    DAVID J. LIZMI, Assistant United States
                                 Attorney (David C. James, Assistant United

States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT:     MALVINA NATHANSON *and* Nicholas J. Pinto, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Miguel Figueroa appeals from a judgment entered May 20, 2016, convicting him, upon his guilty plea, of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and use of a firearm in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Figueroa principally to 248 months' imprisonment, to be followed by five years of supervised release. On appeal, Figueroa challenges his § 924(c) conviction on the grounds that the predicate offense of Hobbs Act robbery conspiracy is no longer a "crime of violence" in light of the Supreme Court's decision in *United States v. Davis*, ––– U.S. ––––, 139 S. Ct. 2319, 204 L.Ed.2d 757 (2019), and this Court's decision in *United States v. Barrett*, 937 F.3d 126 (2019). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

Figueroa and two co-defendants were indicted on June 10, 2013, for conspiracy to distribute heroin and cocaine (Count One) and attempted possession of cocaine and heroin (Count Two), between January 1, 2013 and May 9, 2013. Eight months later, on February 27, 2014, a superseding indictment was filed charging Figueroa with: conspiracy to commit a Hobbs Act robbery (Count One), the same two narcotics offenses (renumbered Counts Two and Three), and unlawful use of a firearm "in relation to one or more crime of violence and drug trafficking crimes, to wit: the crimes charged in Counts One through Three," in violation of 18 U.S.C. § 924(c) (Count Four). *See* Gov't App'x at 2-4.

On June 15, 2015, Figueroa pled guilty to Count One of the superseding indictment charging Hobbs Act robbery conspiracy and Count Four charging the unlawful use of a firearm. As part of the plea agreement, the government agreed to dismiss the narcotics offenses charged in Counts Two and Three. At his plea allocution, Figueroa admitted that the purpose of the robbery conspiracy charged in Count One and firearm offense charged in Count Four was to obtain narcotics for distribution:

> DEFENDANT: . . . I was called and I was offered. They called me, they wanted to talk to me, they came over, they offered me some drugs to sell for them and I agreed to it.
>
> THE COURT: Okay. They called you and they offered you some drugs to sell for them and they agreed to it.
>
> DEFENDANT: Yeah, I agreed to it, to sell for them.
> . . .

3

DEFENDANT: And then May 9th they called me and I met up with them, and when I got there the plan was, you know, somebody was supposed to buy and then, the guy, he never had the money for it . . . he never had the money to buy the [] drugs, so my plan was to just go over there when they gave me the money, to just, my plan was to go over there when they gave me the drugs I was going to just disappear and Ortiz was with us . . . . He asked me, you think I should bring a gun? And I was like, I mean, you could bring it just in case we need it, but I don't think we going to need it because if they [the drug suppliers] give it to me, I'm just going to disappear on them, I'm not going to come back.

. . .

DEFENDANT: . . . on May 9th I intended to take the drugs because the guy never had no money. He told me I don't got no money for that. So, I was like, I'm just going to take it then.

THE COURT: Once you took the drugs, what was your intent?

DEFENDANT: I mean, I have no choice but to sell it.

App'x at 48-51, 53-54.

On May 3, 2016, the district court sentenced Figueroa principally to 248 months' imprisonment after finding that Figueroa qualified as a career offender pursuant to U.S.S.G. § 4B1.1(a). The district court noted that Figueroa "planned and coordinated a conspiracy to steal a large volume of illegal drugs worth hundreds of thousands of dollars . . . [and] was aware that [his co-defendant] possessed a loaded handgun that could be used for violent purposes if the situation escalated." App'x at 77.

4

Judgment was entered May 20, 2016. On appeal, Figueroa challenged the appeal waiver in his plea agreement and the validity of his § 924(c) conviction, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Citing the appeal waiver, the government moved to dismiss Figueroa's appeal. On June 20, 2017, this Court granted the government's motion "with respect to Appellant's appeal of his term of imprisonment" but denied the motion "with respect to his appeal of his conviction under 18 U.S.C. § 924(c)." App. Ct. Dkt. 68. This Court also stayed the appeal "pending final decisions in *United States v. Hussain (Barrett)*, 2d Cir. 14-2641, and *United States v. Hill*, 2d Cir. 14-3872." *Id.* On December 17, 2019, Figueroa moved, with the government's consent, to lift the stay, and this Court granted that motion the following day.

### DISCUSSION

On appeal, Figueroa argues that his § 924(c) conviction, for unlawful use of a firearm, must be vacated because Hobbs Act robbery conspiracy is not a crime of violence under § 924(c)(3) in light of the Supreme Court's ruling in *Davis*, 139 S. Ct. 2319. Figueroa did not raise this objection below, however, nor could he inasmuch as the Supreme Court decided *Davis* subsequent to Figueroa's conviction. We therefore review the validity of the conviction for either plain error or modified plain error. *See United States v. Nikolla*, 950 F.3d 51, 53 (2d Cir. 2020); *United States v. Botti*, 711 F.3d 299, 308-09 (2d Cir. 2013). "[We] look not to the law at the time of the trial court's decision to

5

assess whether the error was plain, but rather, to the law as it exists at the time of review." *United States v. Vilar*, 729 F.3d 62, 71 (2d Cir. 2013).

Section 924(c) prohibits the use, carrying, or possession of a firearm during or in relation to a "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). At the time of Figueroa's conviction, § 924(c)(3) offered two valid definitions for the "crime of violence" element of § 924(c)(1)(A): a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id*. § 924(c)(3).

The Supreme Court in *Davis* held that § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2326-27. And following the Supreme Court's decision in *Davis*, this Court concluded that Hobbs Act robbery conspiracy does not qualify as a § 924(c) crime of violence under § 924(c)(3)(A). *See Barrett*, 937 F.3d at 127. Accordingly, in light of these decisions, Figueroa contends that his § 924(c) conviction must be vacated because Hobbs Act robbery conspiracy cannot serve as a predicate offense as it no longer qualifies as a crime of violence. The government concedes that Figueroa's § 924(c) conviction can no longer be predicated on his Hobbs Act robbery conspiracy offense, but argues that his conviction should be affirmed nonetheless because Figueroa's

6

indictment and plea allocution are sufficient to establish that he used and carried a firearm in connection with a drug-trafficking crime. We agree with the government.

Count Four charged Figueroa with unlawful use of a firearm "in relation to one or more crime of violence *and drug trafficking crimes*, to wit: the crimes charged in Counts One through Three." Gov't App'x at 4 (emphasis added). The plea agreement, which Figueroa signed and affirmed he had read and understood, specifically stated that Figueroa was agreeing to "plead guilty to . . . use of a firearm in relation to a crime of violence *and a drug trafficking crime*." App'x at 19 (emphasis added). And the judgment makes clear that Figueroa was convicted of Count Four as charged in the superseding indictment, and therefore predicated on Counts One through Three.[1]

Count Two charged Figueroa with conspiring to distribute and possess with intent to distribute heroin and cocaine. Gov't App'x at 3. Count Three charged Figueroa with attempting to distribute and possess with intent to distribute heroin and cocaine. *Id.* These counts were dismissed following sentencing. But that does not necessarily affect predication for purposes of § 924(c).

A § 924(c) conviction does not require a conviction on the predicate offense "so long as there is legally sufficient proof that the predicate crime was, in fact,

---

[1]     That the judgment referred to Count Four elsewhere as the offense of "unlawful use of a firearm during a crime of violence," App'x at 94, has no effect on the predication for Count Four or the fact that Figueroa pleaded guilty to and was convicted of using or carrying a firearm "in relation to one or more crime of violence and drug trafficking crimes, to wit: the crimes charged in Counts One through Three," Gov't App'x at 4.

7

committed." *Johnson v. United States*, 779 F.3d 125, 129 (2d Cir. 2015); *see also United States v. Rivera*, 679 Fed. App'x 51, 55-56 (2d Cir. 2017) (summary order) (defendant's plea allocution provided factual basis for underlying predicate crime); *Morgan v. United States*, No. 12-cr-464 (PAC), 2020 WL 1699995, at *2 (S.D.N.Y. Apr. 8, 2020) ("Petitioner's own allocution provided the factual basis for the underlying Hobbs Act robbery offense."). Here, Figueroa allocuted sufficiently to committing at least one valid predicate offense -- the drug trafficking crime charged in Count Three.

The elements of Count Three are that the defendant: (1) intended to commit the crime of possession with intent to distribute, and (2) did some act that was a substantial step in an effort to bring about or accomplish that crime. *See* 3 Sand Modern Federal Jury Instructions ¶ 10.01; *see also United States v. Anderson*, 747 F.3d 51, 74-75 (2d Cir. 2014). The crime of possession with intent to distribute narcotics requires proof that: the defendant (1) knowingly (2) possessed narcotics (3) with the specific intent to distribute them. *See* 3 Sand Modern Federal Jury Instructions ¶ 56.01; *United States v. Gore*, 154 F.3d 34, 45 (2d Cir. 1998).

Figueroa admitted that, between November 2012 and May 2013, he had numerous meetings and conversations in which two individuals who purported to be drug suppliers offered Figueroa drugs that he could then resell. *See* App'x at 48-55. Figueroa explained that he had agreed to purchase drugs from these suppliers and, on May 9, 2013, traveled to Green Acres mall to meet with "them" and either buy or steal

8

the drugs. App'x at 50-51, 54. Figueroa stated that he knew his codefendant, who had accompanied Figueroa to the May 9 meeting but did not get out of the car, had a gun with him and -- in the district court's words, with which Figueroa agreed -- "had [Figueroa's] back." App'x at 56-57. These statements constitute legally sufficient proof of the drug trafficking crime charged in Count Three. *See United States v. Martinez*, 775 F.2d 31, 35 (2d Cir. 1985) (stating that a "substantial step must be something more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime" (quoting *United States v. Manley*, 632 F.2d 978, 988-89 (2d Cir. 1980))).[2]

Moreover, Figueroa's allocution established that the gun was used or carried during and in relation to the drug trafficking offense charged in Count Three. *See generally United States v. Lewter*, 402 F.3d 319, 322 (2d Cir. 2005) (holding nexus between firearms offense and drug-trafficking crime sufficient so long as "gun afforded some advantage (actual or potential, real or contingent) relevant to the vicissitudes of drug trafficking").

---

[2]  *See also United States v. Moss*, 221 Fed. App'x 79, 81 (2d Cir. 2007) (summary order) (concluding that the defendant's actions "gather[ing] over $24,000 in cash and show[ing] it to his prospective seller to demonstrate his willingness to complete the deal" constituted a substantial step and was sufficient to support the attempt conviction); *United States v. Pino-Correa*, 185 Fed. App'x 65, 67 (2d Cir. 2006) (summary order) (concluding that there was a substantial step where the defendant met with the seller with the understanding that "the sale was to be consummated on site").

In sum, the superseding indictment and plea agreement gave Figueroa clear notice that the narcotics offenses charged in Counts Two and Three -- in addition to the Hobbs Act robbery conspiracy charged in Count One -- were predicates for the § 924(c) count. Further, Figueroa's plea allocution contained legally sufficient proof of the drug trafficking crime charged in Count Three. Accordingly, Figueroa's § 924(c) conviction under Count Four of the superseding indictment is valid.[3] We thus find no error, let alone plain error, in his sentence.

\* \* \*

We have considered Figueroa's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] We decline to address Figueroa's challenge to his career offender status under U.S.S.G. § 4B1.1(a) because this Court rejected this claim in its June 20, 2017 Order in response to the government's motion to dismiss Figueroa's appeal.