14-809-cr
United States v. Robinson

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2014

(Argued: March 25, 2015                    Decided: August 26, 2015)

Docket No.  14-809-cr

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

            Appellee,

                  v.

SHARIF ROBINSON,

            Defendant-Appellant,

MARCUS HUTCHINSON,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

B e f o r e:   WINTER, LIVINGSTON, and CHIN, Circuit Judges.

Appeal from a conviction after a guilty plea, in the United States District Court for the Eastern District of New York (Joanna Seybert, Judge), to aiding and abetting carjacking and the brandishing of a firearm during a crime of violence.  On appeal, appellant challenges the sufficiency of the evidence underlying his plea in light of Rosemond v. United States, 134 S.Ct. 1240 (2014), and the failure of the district court to depart downwardly from the Sentencing Guidelines.  We affirm.

MITCHELL A. GOLUB, Golub & Golub, LLP, New York, New York, *for Defendant-Appellant*.

MICHAEL P. CANTY, Assistant United States Attorney, *for* Kelly T. Currie, Acting United States Attorney, Eastern District of New York, Brooklyn, New York, *for Appellee*.

WINTER, Circuit Judge:

Sharif Robinson appeals from his conviction and sentence after pleading guilty before Judge Seybert to aiding and abetting, 18 U.S.C. § 2: (i) carjacking, in violation of 18 U.S.C. § 2119; and (ii) the brandishing of a firearm during a crime of violence, i.e., the carjacking, in violation of 18 U.S.C. § 924(c). Appellant challenges the sufficiency of the evidence supporting his plea in light of Rosemond v. United States, 134 S. Ct. 1240 (2014), and asks us to vacate the plea and conviction.

We hold that his conviction for aiding and abetting a violation of Section 924(c) was supported by his admission that he knew that a firearm was being used during the carjacking and thereafter aided and abetted the carjacking. Alternatively, appellant attacks the procedural reasonableness of his sentence. We hold that the district court did not err in failing to depart downwardly from the Sentencing Guidelines because of appellant's confinement in decrepit and unsafe conditions of confinement at the Nassau County Correctional Center. Accordingly, we affirm.

2

BACKGROUND

Based on the colloquy accompanying the guilty plea, the following facts were the basis for appellant's conviction.

On August 26, 2012, appellant was "hanging out" with Marcus Hutchinson and two other men on Albemarle Avenue in Hempstead, New York, when they observed a Cadillac turning the corner to Nostrand Place. Hutchinson, recognizing the male driver, left the group, telling the others that he was going to rob the driver. No mention was made of the use of a gun.

Hutchinson followed the car and disappeared around the corner, but the driver retreated to a nearby house. Hutchinson then decided to steal the Cadillac, in which a female passenger remained. As this confrontation was happening, appellant "decided to go around the corner to make sure everything was all right." J. App. at 36. After rounding the corner, appellant saw Hutchinson pointing a gun at the Cadillac's female passenger, who "was getting out of the car." J. App. at 41. Appellant told Hutchinson to "put the gun away." J. App. at 41-42. Hutchinson did so; the female passenger fled; and appellant and Hutchinson then drove off in the vehicle. They were soon apprehended.

Appellant was indicted for aiding and abetting, under 18 U.S.C. § 2: (i) carjacking, in violation of 18 U.S.C. § 2119; and (ii) brandishing a firearm during a crime of violence, i.e., the carjacking, in violation of 18 U.S.C. § 924(c).

3

During his plea colloquy, appellant stated that he had been initially unaware that Hutchinson was planning to use a gun during the robbery.  Appellant admitted that, at all pertinent times, he knew that a robbery was intended and that the female passenger was involuntarily surrendering the Cadillac.  He also acknowledged that he learned that the gun was being used to take the vehicle, although he did tell Hutchinson to put the gun away when he saw it.

During the colloquy, the prosecutor noted that appellant did not "turn[] and run[] the other way" after realizing that a gun was being used.  J. App. at 40.  Instead, he continued to join in as a reinforcement in the stealing of the vehicle.  The district judge asked appellant if he agreed with the version of events as stated by the prosecutor, and appellant replied "yes."  After appropriate warnings to appellant of the consequences of pleading guilty, the district judge accepted the plea.

On February 28, 2014, the district court sentenced appellant to 28 months of imprisonment on the aiding and abetting a carjacking count and 84 months of imprisonment on the aiding and abetting the brandishing of a firearm during a crime of violence count.  At sentencing, appellant's counsel requested that the district court downwardly depart from the applicable Sentencing Guidelines based on the conditions of confinement at Nassau County Correctional Center ("NCCC").  Counsel alleged, *inter alia*, that food preparation takes place under unsanitary

4

conditions; access to the law library is restricted to only 45 minutes a day; heating systems are non-existent; inmate housing is substandard with water leaks and roach infestations; and unaffiliated inmates are not segregated from violent gang members. The district court denied the request, noting that it had past experience with cases out of NCCC. The court also suggested that counsel had not provided enough evidence to warrant a downward departure. The sentence described above was then imposed.

On March 5, 2014, the Supreme Court decided <u>Rosemond v. United States</u>, 134 S. Ct. 1240 (2014), clarifying the relationship of the aiding and abetting statute, 18 U.S.C. § 2, and 18 U.S.C. § 924(c)'s prohibition against using a firearm during a crime of violence. On appeal, appellant argues that his plea lacked a sufficient factual basis under <u>Rosemond</u> because he was unaware that Hutchinson planned to use a gun in the carjacking until he turned the corner and saw the weapon. Alternatively, appellant attacks the procedural reasonableness of his sentence given the district court's failure to depart from the Sentencing Guidelines.

DISCUSSION

a) <u>Sufficiency of the Evidence in Light of Rosemond</u>

Under Fed. R. Crim. P. 11, the district court may accept a guilty plea only if the plea has a "factual basis." Fed. R. Crim. P. 11(b)(3). The court is not required "to weigh evidence

5

to assess whether it is even more likely than not that the defendant is guilty." United States v. Maher, 108 F.3d 1513, 1524 (2d Cir. 1997). Instead, the district court must simply satisfy itself that "the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." Id.; see also Fed. R. Crim. P. 11(f).

In making this inquiry, the district court can accept a defendant's own admissions as true. Maher, 108 F.3d at 1521. The court can rely on the defendant's admissions and any other evidence placed on the record at the time of the plea, including evidence obtained by inquiry of either the defendant or the prosecutor. Irizarry v. United States, 508 F.2d 960, 967 (2d Cir. 1974); see also United States v. Adams, 448 F.3d 492, 499 (2d Cir. 2006). But, any plea colloquy must involve more than simply "a reading of the indictment to the defendant coupled with his admission of the acts described in it." United States v. McFadden, 238 F.3d 198, 201 (2d Cir. 2001) (internal quotation marks omitted).

We review objections to the sufficiency of a guilty plea, where -- as here -- the defendant raised no objection below, for plain error. United States v. Vonn, 535 U.S. 55, 62-63 (2002); see also United States v. Vaval, 404 F.3d 144, 151 (2d Cir. 2005). We find no error here, much less plain error.[1]

---

[1] As noted in United States v. Needham, we have "applied a modified plain error analysis in cases where, as here, the source of plain error is a supervening decision," whereby "the government, not the defendant, bears the burden to demonstrate

Under Section 924(c), it is a crime to brandish a firearm "during and in relation to any crime of violence."  18 U.S.C. § 924(c)(1)(A).  For its part, the federal aiding and abetting statute punishes, as a principal, an individual that "aids, abets, counsels, commands, induces or procures" the commission of an underlying federal offense.  18 U.S.C. § 2.  In Rosemond, the Supreme Court explained "what it takes to aid and abet a § 924(c) offense."  134 S. Ct. at 1245.

The Court noted that the aiding and abetting statute requires both an affirmative act furthering the underlying offense and an intent to facilitate that offense's commission.  Id.  The Supreme Court emphasized that the affirmative act requirement is met when the defendant facilitates any element of the underlying offense.  Id. at 1247.  Therefore, a defendant's conduct can satisfy the affirmative act requirement of aiding and abetting the Section 924(c) offense, even if the act did not specifically facilitate the use of the firearm.  Id. at 1248.

The intent requirement is stricter than the facilitation requirement in that "the intent must go to the specific and entire crime charged -- so here, to the full scope (predicate crime plus gun use) of § 924(c)."  Id.  It is true that the

that the error . . . was harmless."  604 F.3d 673, 678 (2d Cir. 2010) (internal quotation marks and citations omitted).  This standard may be incorrect in light of Johnson v. United States, where the Supreme Court applied plain error review when the error stemmed from a change in Supreme Court law decided after the defendant's conviction.  See 520 U.S. 461, 466 (1997).  We "need not resolve this open question [here] because, whether plain error or some modified approach is applied, our conclusions would be the same."  Needham, 604 F.3d at 678.

7

requisite intent to use a gun is shown only when a defendant has prior knowledge that a firearm will be used.  However, the requisite prior knowledge "means knowledge at a time the accomplice can do something with it -- most notably, opt to walk away."  Id. at 1249-50.  In other words, "[a] defendant manifests that greater intent, and incurs the greater liability of § 924(c), when he chooses to participate in a [violent crime] knowing it will involve a firearm; but he makes no such choice when that knowledge comes too late for him to be reasonably able to act upon it."  Id. at 1251.  And, a defendant can reasonably walk away upon learning of a gun's use or planned use, so long as withdrawing would not "increase the risk of gun violence."  See id.

At the time of appellant's plea, there was a sufficient factual basis on the record for the district court to accept appellant's plea.  The affirmative act requirement is easily met because appellant joined Hutchinson in taking the car.  The intent requirement is also satisfied because, upon learning that a gun was being brandished, appellant, as he conceded in his plea colloquy, had a chance to "turn[] and run[] the other way" but did not.  J. App. at 40.  See id. at 1250 n.9 (noting that advance knowledge can be inferred "if a defendant continues to participate in a crime after a gun was displayed or used by a confederate").  Robinson saw the gun as he rounded the corner, and joined the carjacking while Hutchinson was still

8

"brandishing" the gun within the meaning of § 924(c)(4). Instead of leaving then and there, he continued to participate. Thus, there was a sufficient "temporal and relational conjunction," id. at 1248, between the predicate crime and the use of the firearm to support a § 924(c)(1)(A)(ii) conviction under an aiding and abetting theory of liability. Finally, there is no reason on this record to believe that appellant's withdrawing would increase the risk of gun violence, although Robinson could certainly have argued so had he gone to trial.

In sum, appellant could have reasonably retreated -- but did not -- and the requirement described in Rosemond was met. We accordingly conclude that the district court properly accepted appellant's plea.

b) The Sentence's Procedural Reasonableness

Appellant attacks the procedural reasonableness of his sentence -- arguing that the district court erred by not downwardly departing from the Sentencing Guidelines given the conditions of confinement at NCCC. Appellant also contends that the court erred by not adequately explaining its reasons for refusing to depart. We review sentences for procedural reasonableness under a deferential abuse-of-discretion standard. United States v. Adams, 768 F.3d 219, 224 (2d Cir. 2014). A district court commits procedural error when, *inter alia*, it "treat[s] the Guidelines as mandatory" or fails "to adequately explain the chosen sentence." Gall v. United States, 552 U.S.

9

38, 51 (2007); see also United States v. Preacely, 628 F.3d 72, 79 (2d Cir. 2010).  The district court committed neither of these errors.

While it is true that "pre-sentence confinement conditions may in appropriate cases be a permissible basis for downward departures," United States v. Carty, 264 F.3d 191, 196 (2d Cir. 2001), appellant provides insufficient reason to overturn the district court's failure to depart from the Guidelines.

First, a district court's decision not to depart from the Guidelines is generally unreviewable, unless it misunderstood its authority to do so.  Adams, 768 F.3d at 224; see also United States v. Valdez, 426 F.3d 178, 184 (2d Cir. 2005) ("[A] refusal to downwardly depart is generally not appealable" unless "a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal.").  And, "[i]n the absence of clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority, we presume that a sentenc[ing] judge understood the scope of his authority." United States v. Stinson, 465 F.3d 113, 114 (2d Cir. 2006) (per curiam) (internal quotation marks omitted).  There is nothing in the record suggesting that the district court misunderstood its ability to depart from the Guidelines.  After implying that a departure would be possible, albeit a "special consideration," the court listened to arguments on the merits of a downward departure.

10

Second, while the court must explain how it arrived at a given sentence, it need not engage in a prolonged discussion of its reasoning, especially if the matter is conceptually simple. See Rita v. United States, 551 U.S. 338, 356-59 (2007). This is because "we entertain a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise." United States v. Fernandez, 443 F.3d 19, 29 (2d Cir. 2006).

In the present case, the district court adequately explained its reasoning, noting its past experience with other NCCC inmates. The court further suggested that the evidence provided by appellant's counsel was insufficient to justify a departure. In any event, a district court is under no obligation to engage in an express discussion of every argument made by a defendant at sentencing. See United States v. Bonilla, 618 F.3d 102, 111 (2d Cir. 2010). Therefore, the district court committed no procedural error in its sentencing.

                           CONCLUSION

For the foregoing reasons, we affirm.