United States v. Byrd

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         SUSAN L. CARNEY,
                   <u>Circuit Judges</u>,
         KATHERINE POLK FAILLA,
                   <u>District Judge</u>.*

- - - - - - - - - - - - - - - - - - - -X

United States of America,
         <u>Appellee</u>,

         -v.-                                    16-0403

Courtney Byrd, AKA Buck,
         <u>Defendant-Appellant</u>.


- - - - - - - - - - - - - - - - - - - -X

---

\* Judge Katherine Polk Failla of the United States District Court for the Southern District of New York, sitting by designation.

**FOR APPELLANT:**                    JONATHAN J. EINHORN, Law Office of
Jonathan J. Einhorn, New Haven, CT.

**FOR APPELLEE:**                     MICHAEL J. GUSTAFSON, Marc H.
Silverman (of counsel), Assistant
United States Attorneys, <u>for</u>
Deirdre M. Daly, United States
Attorney for the District of
Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, <u>J.</u>).
**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Courtney Byrd pleaded guilty to possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The written plea agreement calculated a Sentencing Guidelines range of 46 to 57 months; but that calculation turned out to be incorrect. The district court (Shea, <u>J.</u>) calculated a Guidelines range of 92 to 115 months and sentenced Byrd principally to 72 months of imprisonment. Byrd does not dispute that the calculation in his plea agreement was incorrect or that the district judge calculated the range correctly; nor does he argue that the judge committed any procedural error or that 72 months is substantively unreasonable. Rather, he argues that it was error for the judge not to honor the range he bargained for. We disagree.

The plea agreement expressly warned that the anticipated Guidelines range was not final, that the court would not be bound by the calculation in the agreement, and that Byrd could receive a longer sentence: "The defendant understands that the Court . . . is not bound by this plea agreement. The defendant agrees that the Sentencing Guidelines determinations will be made by the Court . . . . The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement." Def.'s App. 16.

The district judge also repeatedly warned Byrd at the plea hearing that "nobody . . . knows today what your sentence is

2

going to be," Gov.'s App. 20, and that his sentence "could be increased up to the statutory maximum for a variety of reasons." Id. at 21.  One example adduced by the district judge (which turned out to be true) was that Byrd's criminal history could be more serious than the parties anticipated. See id. at 22. Byrd acknowledged this possibility and affirmed that he understood.

We have long held that district courts have the discretion to give effect to Guidelines calculations in plea agreements that result in downward departure from the correct Guidelines range.  See United States v. Fernandez, 877 F.2d 1138, 1145 (2d Cir. 1989).  Byrd's position is that district courts should have the affirmative obligation to give effect to such calculations. We find no support for that position in the law.  In essence, Byrd makes a policy argument that the risk of surprise sentences will discourage the plea bargaining on which the criminal justice system relies.  Even were that proposition to be valid (a point we do not decide today), we are necessarily confined by the scope of permissible review, and "a district court's decision not to depart from the Guidelines is generally unreviewable, unless it misunderstood its authority to do so." United States v. Robinson, 799 F.3d 196, 201 (2d Cir. 2015).  The same must be true of a district court's decision, such as in this case, to depart from the Guidelines by a lesser degree than the defendant had hoped or had reason to expect.

We find no procedural or substantive error in Byrd's sentence (and Byrd argues for none).  It was within the district judge's discretion to impose a sentence above what was mistakenly anticipated in the plea agreement.

Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3