16-1174-cr
United States v. Smith

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand seventeen.

PRESENT: BARRINGTON D. PARKER,
　　　　　　REENA RAGGI,
　　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　　*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,
　　　　　　　*Appellee*,

　　　　v.　　　　　　　　　　　　　　　　No. 16-1174-cr

RASHAD SMITH,
　　　　　*Defendant-Appellant*.

------------------------------------------------------------------

FOR APPELLANT:　　　　　James P. Egan, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Office of the Federal Public Defender, Syracuse, New York.

FOR APPELLEE:　　　　　Steven D. Clymer, Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 5, 2016 is AFFIRMED.

Defendant Rashad Smith was convicted after a guilty plea of possession of contraband in federal prison, *see* 18 U.S.C. §§ 1791(a)(2), (b)(3), (d)(1)(B), specifically, marijuana, and sentenced to a within-Guidelines prison term of 8 months, to be served consecutively to his underlying term of imprisonment. Smith appeals the sentence as procedurally and substantively unreasonable. In reviewing a sentence for reasonableness, we apply a "particularly deferential form of abuse-of-discretion" review, both to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness). *United States v. Cavera*, 550 F.3d 180, 188 & n.5 (2d Cir. 2008) (*en banc*); *accord United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Procedural Reasonableness

Smith argues that the district court erred in concluding that he breached the trust placed in him by prison authorities in connection with his job as a prison photographer. Smith concedes that plain error applies to this particular challenge, but submits that the standard is relaxed when the asserted error implicates sentencing. We need not pursue that point here because we would identify no error even under a relaxed standard.

Smith specifically agreed that he had "violated the trust of the prison," J.A. 73, so there was hardly error in the district court stating as much, *see id.* Moreover, the court

did not apply an abuse-of-trust enhancement to Smith's Guidelines calculation, which would have required a nexus between his "position of . . . trust" and the "facilitati[on]" or "concealment" of his offense. U.S.S.G. § 3B1.3. Thus, there was no procedural error in that regard. *See United States v. Cavera*, 550 F.3d at 190 (recognizing that Guidelines calculation error can support claim of procedural unreasonableness). No such nexus is required to the extent Smith's breach of trust informed relevant § 3553(a) factors, which the district court was required to consider. We therefore identify no procedural error.

Smith further argues that the district court committed procedural error in finding him to have possessed a large amount of marijuana, as evidenced by its statement that his offense involved "distribution quantities of drugs," Sealed Statement of Reasons, Dist. Ct. Dkt. No. 14, at 4.[1] When read in the context of the sentencing transcript, however, the statement reflects only the government's position that the *number* of marijuana packets Smith possessed (26) was "indicative of distribution[] rather than personal consumption." J.A. 71. The sentencing transcript reveals no confusion over the aggregate drug *weight*, which, as defense counsel reminded the district court, was "small." J.A. 72.

In sum, we identify no procedural error in Smith's sentence.

---

[1] We direct that the district court's sealed statement of reasons be unsealed to the extent that we quote specific statements herein.

2.      Substantive Reasonableness

Smith argues that his within-Guidelines sentence of 8 months' imprisonment was substantively unreasonable because the district court failed adequately to account for collateral punishments that the Bureau of Prisons had imposed, and could impose. We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d at 189 (emphasis and internal quotation marks omitted). A sentence within the defendant's Guidelines range will rarely satisfy this criterion. *See United States v. Wagner-Dano*, 679 F.3d 83, 95 (2d Cir. 2012).

Error may manifest when a district court believes that it is without power to order a downward departure based on collateral punitive consequences, *see United States v. Carty*, 264 F.3d 191, 196 (2d Cir. 2001), but a court is not required downwardly to depart based upon such consequences, *see United States v. Robinson*, 799 F.3d 196, 201 (2d Cir. 2015) (observing that district court's "decision not to depart from the Guidelines is generally unreviewable, unless it misunderstood its authority to do so"). No misunderstanding is evident here. To the contrary, the district court, at sentencing and in its statement of reasons, stated that it had considered its authority to impose a lesser sentence based on collateral consequences, but had concluded that doing so would be unwarranted in Smith's case. *See* Sealed Statement of Reasons, Dist. Ct. Dkt. No. 14, at 4; J.A. 76. Nor can we conclude that Smith's within-Guidelines sentence of 8 months' imprisonment—which was required by statute to be served consecutively to his principal sentence, *see* 18 U.S.C. § 1791(c)—was outside the range of "permissible decisions"

4

available to the district court under the circumstances, *United States v. Cavera*, 550 F.3d at 189.

3.     Conclusion

We have considered Smith's remaining arguments and conclude that they are without merit.    Accordingly, the judgment of the district court is AFFIRMED.

                        FOR THE COURT:
                        CATHERINE O'HAGAN WOLFE, Clerk of Court