**UNITED STATES of America,**
**Appellee,**

v.

**Bradley COMMERFORD,**
**Defendant-Appellant.**

**16-2915-cr**

United States Court of Appeals, Second Circuit.

September 7, 2017

FOR APPELLEE: SARALA V. NAGA-LA, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, on the brief), for Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

FOR DEFENDANT-APPELLANT: JAMES P. MAGUIRE, Assistant Federal Defender, for Terence S. Ward, Federal Defender, District of Connecticut, New Haven, Connecticut.

PRESENT: RALPH K. WINTER, DENNY CHIN, SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Bradley Commerford appeals the judgment of conviction entered August 15, 2016, after a guilty plea, convicting him of distributing heroin to an individual under 21 years of age, in violation of 21 U.S.C. §§ 841(a)(1) and 859. On August 12, 2016, the district court sentenced Commerford principally to 71 months' imprisonment. On appeal, Commerford challenges the procedural and substantive reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The record establishes that Commerford sold heroin in Connecticut in January and February of 2016. On February 16, 2016, members of the Shelton Police Department responded to a reported heroin overdose of an 18-year-old man. The 18-year-

old victim's 16-year-old girlfriend was present during her boyfriend's overdose and medical resuscitation. Both later told law enforcement that they purchased the heroin from Commerford. The 16-year-old said that she began regularly purchasing heroin from him in January 2016. At least two other men overdosed from heroin purchased from Commerford during this time: a 22-year-old man suffered a non-fatal overdose on February 16, 2016, and a 23-year-old man suffered a fatal overdose on February 17, 2016.

Commerford pleaded guilty to distributing heroin to an individual under 21 years of age, in violation of 21 U.S.C. §§ 841(a)(1) and 859, in or about January through February 2016. The record establishes that during this timeframe Commerford sold heroin to at least two individuals who were then under the age of 21: the 18-year-old man and his 16-year-old girlfriend. While the statute governs sales to anyone under the age of 21, the Sentencing Guidelines provide for an additional enhancement if the sale involves someone under the age of 18. *See* U.S.S.G. § 2D1.2(a)(3). Accordingly, based on Commerford's sales to the 16-year-old girlfriend, the parties stipulated to a base offense level of 26 in the written plea agreement, pursuant to § 2D1.2(a)(3) of the Guidelines. After subtracting three levels for acceptance of responsibility and factoring in Commerford's placement in criminal history category III, the parties anticipated a guidelines range of imprisonment of 57 to 71 months.

On August 12, 2016, Commerford appeared for sentencing. The parties agreed that the guidelines range was 57 to 71 months imprisonment. The district court heard from defense counsel, Commerford's brother, Commerford himself, government counsel, and family members and a friend of the 23-year-old man who died. The dis-

trict court then sentenced Commerford to 71 months' imprisonment, the top of the recommended guidelines range. After objecting to the sentence, Commerford timely appealed, challenging both the procedural and substantive reasonableness of his sentence.

## I. Procedural Reasonableness

We review the procedural reasonableness of a sentence under a "deferential abuse-of-discretion standard." *United States v. Aldeen*, 792 F.3d 247, 251 (2d Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). "A district court commits procedural error where it fails to calculate the Guidelines range ..., makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (internal citations omitted). A district court also commits procedural error when it "does not consider the § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *Id.*

Section 2D1.2 of the Sentencing Guidelines governs drug offenses involving underage individuals and provides for a base offense level of 26 where "the offense involved a person less than eighteen years of age." U.S.S.G. § 2D1.2(a)(3). At sentencing, Commerford argued that § 2D1.2(a)(3) was overbroad because it treats dissimilar offenses similarly in that it fails to distinguish "between a 40-year-old who targets children and a teenager selling to friends." App'x 47. On appeal, Commerford reiterates this argument and asserts that the district court failed to recognize its authority to vary from the guidelines based on his policy-based challenge to § 2D1.2(a)(3). This argument fails.

■ There is no indication in the record that the district court misunderstood its authority to vary from § 2D1.2(a)(3) based on a policy disagreement. *See United States v. Robinson*, 799 F.3d 196, 201 (2d Cir. 2015) ("In the absence of clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority, we presume that a sentenc[ing] judge understood the scope of his authority." (citation omitted)). The district court explicitly considered and rejected Commerford's policy-based challenges to § 2D1.2(a)(3). ·Specifically, the district court "note[d] that there's a request that I consider the nature of the base offense level of 26 in fashioning a sentence here." App'x 200-01. In responding to Commerford's policy argument that § 2D1.2(a)(3) is overbroad, the district court explained that "courts have discretion to take into account the individual circumstances of the defendant who's under consideration. That's expected to happen and I've done that here." App'x 201. In responding to Commerford's argument that § 2D1.2(a)(3) is "very rarely applied," App'x 167, the district court reasoned "that this is a provision that's not used very frequently ... because we ... don't have a lot of people who are engaged in selling to teenagers who wind up getting federally prosecuted because their conduct does not rise to that level of seriousness," App'x 201. The district court thus considered and rejected Commerford's policy-based challenges to § 2D1.2(a)(3).

## II. Substantive Reasonableness

A sentence imposed by the district court is substantively unreasonable only if it "cannot be located within the range of permissible decisions," *Cavera*, 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). Accordingly, we will set aside sentencing decisions only in "exceptional cases," as we will not sub-

stitute our judgment for that of the district court. *Id.*

■ The district court imposed a within-guidelines sentence of 71 months' imprisonment, citing Commerford's prior arrests (including two for drug trafficking offenses) and his status on probation when he committed the instant offense, the over-doses, the fact that Commerford was on his way to purchase more drugs at the time of his arrest, his lack of sincere remorse, and the fact that a different charging decision could have been made, based on the death of the individual who purchased drugs from Commerford, which would have triggered a twenty-year mandatory minimum term of imprisonment. The district court's sentence was not substantively unreasonable.

■ Commerford argues that the district court gave insufficient weight to a number of mitigating considerations, including his own heroin addiction, his history of trauma and the resulting post-traumatic stress disorder, his youth, and the small quantity of heroin involved in the offense. The district court carefully considered these factors, however, and reasonably determined its sentence of 71 months' imprisonment would achieve specific deterrence and "just punishment" for an "egregious" offense. App'x 207.

■ Commerford also argues that his placement in criminal history category III overstated the seriousness of his past criminal activity because he never served any prior term of imprisonment. The district court, however, reviewed Commerford's three arrests in 2014, his court-ordered substance abuse treatment in 2015, the sentences imposed in state court in 2016, and Commerford's status on probation when he committed the instant offense, and concluded "[i]t is not at all inappropriate that the defendant's criminal

history points are taken for what they are, especially in light of the fact that he was continuing to engage in criminal conduct when he was on probation." App'x 203.

Accordingly, the district court's sentence was not substantively unreasonable.

. . .

We have considered all of Commerford's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.