17-3295-cr
*United States v. Joshua Michael Furbeck*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand nineteen.

PRESENT:   PETER W. HALL,
                       SUSAN L. CARNEY,
                       RICHARD J. SULLIVAN,
                                       *Circuit Judges*.

_____

United States of America,

                           *Appellee*,

                           v.                                                              No. 17-3295

Joshua Michael Furbeck,

                           *Defendant-Appellant*.

_____

For Appellant:                          Melissa A. Tuohey, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, New York


For Appellee:                           Miroslav Lovric, Rajit S. Dosanjh, Assistant United States Attorneys, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, New York

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Joshua Michael Furbeck was convicted by guilty plea of one count of threatening to murder a federal law enforcement officer with intent to retaliate against the officer in the performance of his official duties, in violation of 18 U.S.C. § 115(a)(1)(B), and one count of threatening to murder an immediate family member of a federal law enforcement officer with intent to retaliate against the officer in the performance of his official duties, in violation of 18 U.S.C. § 115(a)(1)(A).  Furbeck challenges his within-Guidelines 42-month sentence as procedurally and substantively unreasonable.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

First, Furbeck contends that the district court committed procedural error by refusing to grant a downward departure based on Furbeck's (1) unusual mental and emotional conditions and (2) "significantly reduced mental capacity" which "contributed substantially to the commission of the offense," pursuant to U.S.S.G. §§ 5H1.3 and 5K2.13, respectively.  "Claims that the district court erred in refusing to depart are not cognizable on appeal in the absence of substantial indication that the district judge believed she lacked authority to depart or an indication that a violation of the law occurred."  *United States v. Jackson*, 658 F.3d 145, 153–54 (2d Cir. 2011).

At sentencing, the district judge acknowledged Furbeck's request for a departure but stated, "I've carefully reviewed the PSR and the report prepared by the Federal Medical Center Devens and I do not find that there are mental and emotional conditions warranting a downward departure

2

under 5H1.3, and I don't find that diminished capacity departure is warranted under 5K2.13." J. App. 92. The district court further clarified, "I do not find there's a significantly reduced mental capacity within [Section 5K2.13] or that the provision should be applied here because of the defendant's substance abuse and his threats of violence. I therefore adopt the Guideline calculation in the presentence report." J. App. 93. Because the sentencing transcript confirms that the district court understood its departure authority and instead chose not to exercise it, the "district court's decision not to depart from the Guidelines is . . . unreviewable." *United States v. Robinson*, 799 F.3d 196, 201 (2d Cir. 2015); *see also United States v. Stinson*, 465 F.3d 113, 114 (2d Cir. 2006) (*per curiam*) (declining to review decision not to downwardly depart where "the District Court considered each of the defendant's requests and, upon finding that defendant did not qualify for either departure, denied the requests with full knowledge of its authority.").

Second, Furbeck argues that his 42-month sentence is substantively unreasonable because it failed to properly account for his need for mental health treatment. We must "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). Our "substantive reasonableness review is intended to 'provide a backstop' against sentences that are 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law.' . . . [It] is not an opportunity for 'tinkering' with sentences we disagree with, and . . . we place 'great trust' in sentencing courts." *United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d. Cir. 2009)).

Furbeck was sentenced to 42 months of imprisonment, at the middle of his Guidelines range of 37 to 46 months. At sentencing the district court acknowledged Furbeck's substance abuse and mental health issues and noted that Furbeck's apparent lack of interest in addressing his substance abuse problems must be considered against the mitigating factors he had presented. The district court recommended that Furbeck participate in both drug abuse and mental health treatment while serving his sentence; in declining the government's request for a higher Guidelines sentence, it also credited Furbeck's participation in a mental health examination he underwent while awaiting sentencing. Because the chosen sentence is one that "can[] be located within the range of permissible decisions," *Cavera*, 550 F.3d at 189, and is not "shockingly high, . . . or otherwise unsupportable as a matter of law," *Rigas*, 583 F.3d at 123, we find no substantive error in the sentence imposed.

We have considered Appellant's remaining arguments and find them to be without merit. We hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4