18-202-cr
*United States v. Fish*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand nineteen.

PRESENT:   JOSÉ A. CABRANES,
                   GERARD E. LYNCH,
                   CHRISTOPHER F. DRONEY,
                                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                            *Appellee,*                                        18-202-cr

                  v.

BRYAN FISH,

                            *Defendant-Appellant.*

_____

FOR APPELLEE:                              Wayne A. Myers and Rajit S. Dosanjh, Assistant United States Attorneys, *for* Grant C. Jacquith, United States Attorney, Northern District of New York, Syracuse, NY.

FOR DEFENDANT-APPELLANT:    Frederick Rench, Clifton Park, NY.

Appeal from a January 17, 2018 judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Bryan Fish ("Fish") appeals from a judgment of conviction and a sentence of 108 months' imprisonment for two counts of False Declarations Before a Grand Jury in violation of 18 U.S.C. § 1623(a). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In this appeal, Fish argues that the District Court's top-of-the guidelines sentence of 108 months was procedurally unreasonable because the District Court "abdicated its authority" to sentence Fish outside the guidelines, failed to give consideration to the factors noted in 18 U.S.C. § 3553(a), and did not provide an explanation for its decision during its sentencing allocution. Fish also claims that his sentence is substantively unreasonable because it was excessive in light of the goals of sentencing and mistakenly treated Fish similarly to a defendant sentenced in a separate, related criminal action.

Where a defendant has preserved his claim that the district court misapplied a departure provision of the sentencing guidelines we review legal questions concerning application of the guidelines de novo, and the underlying findings of fact for clear error. *See United States v. Haynes*, 985 F.2d 65, 68 (2d Cir. 1993). Where a defendant fails to raise claims of procedural error at sentencing despite having adequate opportunity to do so, those claims are reviewed for plain error. *See United States v. Aldeen*, 792 F.3d 247, 253 (2d Cir. 2015). The defendant bears the burden of showing plain error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004). We have recognized that "reversal for plain error should be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir. 2007) (internal quotation marks omitted).

The Government contends that Fish's sentence was not procedurally unreasonable because Fish has not demonstrated that the District Court misapprehended its authority to depart from the sentencing guidelines, nor did the District Court plainly err in its explanation of the sentence or its consideration of the § 3553 factors. The Government argues further that Fish's sentence is not substantively unreasonable inasmuch as the sentence was within the applicable guidelines and because of the grave harm caused to the arson investigation due to Fish's false statements before the grand jury.

We agree with the Government. First, as the Government correctly notes, the District Court offered ample statements on the record as to its reasoning behind the decision to sentence Fish to the maximum within the applicable guidelines—namely, the seriousness of Fish's offense. *See* App'x 126-27. The District Court similarly noted why a downward variance was not appropriate based on the facts as stated in the Government's sentencing submissions regarding Fish's disruption of the

2

arson investigation. *See* App'x 62-68, 98-105. None of the statements by the District Court during sentencing indicate, much less serve as "clear evidence," that the District Court "misapprehended" the scope of its authority to depart from the guidelines. *United States v. Robinson*, 799 F.3d 196, 201 (2d Cir. 2015).

Fish challenges his sentence with the assertion that the District Court "did not discuss the 3553(a) factors" nor offer "any meaningful explanation of [Fish's] sentence." Appellant's Br. at 24. This argument is unavailing. As the Government correctly notes, a district judge is under no obligation to engage in a "robotic incantation[]" of each factor. *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005). Nor does the record support Fish's effort to rebut the presumption that the District Court did consider every factor, regardless of whether each factor is discretely addressed at sentencing. *See United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006) ("[W]e will not conclude that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced.").

In reviewing a challenge that a sentence imposed by a district court is substantively unreasonable, we adopt a deferential standard of "abuse of discretion." *See Gall v. United States*, 552 U.S. 38, 41 (2007). With respect to the substantive reasonableness of Fish's sentence, nothing in the record before us indicates that the District Court erred or "abused its discretion" in selecting the sentence. *See Fernandez*, 443 F.3d at 27 ("[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.").

## CONCLUSION

We have reviewed all of the arguments raised by Fish on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 17, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk