18-3717-cr
*United States v. Jeffrey Rivera*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand twenty.

PRESENT:  AMALYA L. KEARSE,
JOSÉ A. CABRANES,
MICHAEL H. PARK,
*Circuit Judges,*

UNITED STATES OF AMERICA,

*Appellee,*                    18-3717-cr

v.

JEFFREY RIVERA,

*Defendant-Appellant,*

NICOLAS PERALTA, SAMUEL RIVERA, HECTOR GUTIERREZ,
JULIO HERNANDEZ, GILBERT ROSA SANCHEZ, AKA JULIAN
LUCIA-CEDANO, RAMON GOMEZ, OSVALDO GARCIA,
JUAN RAMIREZ, VANESSA PAGAN,

*Defendants.*

FOR APPELLEE:                    Rajit S. Dosanjh, Assistant United States
Attorney *for* Grant C. Jaquith, United

States Attorney for the Northern District
of New York, Syracuse, NY.

**FOR DEFENDANT-APPELLANT:**                           Daniel M. Perez, Newton, NJ.

Appeal from a December 10, 2018 judgment of the United States District Court for the
Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,
ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is
**AFFIRMED**.

Defendant-Appellant Jeffrey Rivera ("Rivera") appeals from a December 10, 2018 judgment
of conviction following a guilty plea convicting him of a drug trafficking conspiracy in violation of
21 U.S.C. §§ 841(a)(1) and 846, and sentencing him principally to a 130-month term of
imprisonment followed by a five-year term of supervised release. We assume the parties' familiarity
with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Rivera challenges the procedural and substantive reasonableness of his sentence,
arguing respectively that the District Court erred in applying the United States Sentencing
Guidelines enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1, and that his
sentence of 130 months' imprisonment was substantively unreasonable. We address each of Rivera's
arguments in turn.

## I.       Procedural Reasonableness

U.S.S.G. § 3C1.1 provides a two-level increase to a defendant's offense level where a
defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration
of justice with respect to the investigation, prosecution, or sentencing of the instant offense of
conviction." When reviewing an enhancement for obstruction of justice we apply a "mixed standard
of review." *United States v. Khedr*, 343 F.3d 96, 102 (2d Cir. 2003). "The sentencing court's findings as
to what acts were performed, what was said, what the speaker meant by her words, and how a
listener would reasonably interpret those words will be upheld unless they are clearly erroneous."
*United States v. Cassiliano*, 137 F.3d 742, 745 (2d Cir. 1998); *see also* 18 U.S.C. § 3742(e) (we are to
"give due regard to the opportunity of the district court to judge the credibility of the witnesses").
However, we review *de novo* "[a] ruling that the established facts constitute obstruction or attempted
obstruction under the Guidelines" as a matter of legal interpretation. *Id.*; *see also Khedr*, 343 F.3d at
102; *see generally United States v. Jesurum*, 819 F.3d 667, 670-73 (2d Cir. 2016) (applying these principles
in reviewing a challenge to the procedural reasonableness of a sentence); *United States v. Robinson*, 799
F.3d 196, 201-03 (2d Cir. 2015) (same).

2

We agree with the Government that the District Court properly applied the obstruction of justice enhancement under Section 3C1.1 of the United States Sentencing Guidelines. The commentary on that provision provides that an obstruction enhancement may be applied to witness tampering as defined in 18 U.S.C. § 1512(b), which prohibits "misleading conduct toward another person, with intent to … influence, delay, or prevent the testimony of any person," or to "cause or induce any person [to] withhold testimony." *See generally* U.S.S.G. § 3C1.1 Application Note 4(I).

Based on the uncontested facts in Rivera's presentence report ("PSR"), the District Court correctly concluded that Rivera's unannounced visits to the homes of Government witnesses prior to his trial constituted witness tampering. While Rivera offered what he deems are plausible and non-threatening explanations as to why he contacted the witnesses (which the District Court rejected as "stretch[ing] credibility beyond acceptance," App'x 65), the text of Section 1512 refers broadly to "misleading conduct." *See United States v. Peterson*, 385 F.3d 127, 143 (2d Cir. 2004) (finding that a defendant's letters to witnesses following his indictment, while apparently non-threatening, were reasonably interpreted by the district court as attempted witness tampering). Rivera's statements to J.M.'s daughter that her father would "not have to testify" were plainly an attempt to mislead. And pursuant to the deference we owe the District Court, we will not disturb its findings regarding what Rivera said and how, in the circumstances presented here, the witnesses would have interpreted his statements.

We also reject Rivera's argument that the "law of the case doctrine" required the District Court not to apply the obstruction enhancement simply because Magistrate Judge David E. Peebles had denied the Government's motion to revoke Rivera's pretrial release following his contact with the Government's witnesses. The Magistrate Judge's determination regarding whether or not to revoke Rivera's pretrial release is a separate issue from determining the application of a sentencing enhancement. *See Arizona v. California*, 460 U.S. 605, 618 (1983) ("Law of the case directs a court's discretion, it does not limit the tribunal's power."); *see also Pepper v. United States*, 562 U.S. 506, 506-07 (2011) (reaffirming the doctrine as articulated in *Arizona v. California*).

Finally, we disagree with Rivera's contention that the District Court failed to make adequate factual findings to support the obstruction enhancement or to permit meaningful review by the Court of Appeals. Because Rivera did not raise this argument before the District Court at sentencing, we review for plain error. *See United States v. Carter*, 489 F.3d 528, 537 (2d Cir. 2007); *see also United States v. Marcus*, 560 U.S. 258, 262 (2010) (holding that an appellate court may reverse for plain error where "(1) there is an error; (2) the error is clear or obvious … ; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." (internal quotation marks omitted).

The District Court explicitly adopted at sentencing the factual statements contained in the PSR, which included the determination regarding Rivera's attempted witness tampering described in

PSR ¶ 22. *See* App'x 66. The facts in the PSR adequately detail Rivera's conduct with respect to the attempted witness tampering so as to serve as a sufficient basis for the District Court's determination regarding the obstruction enhancement, as well as for potential appellate review. *See United States v. Molina*, 356 F.3d 269, 275 (2d Cir. 2004) (noting that a district court "satisfies its obligation to make the requisite factual findings" in support of a Guidelines enhancement by expressly adopting factual findings in a PSR); *see also United States v. Ware*, 577 F.3d 442, 452 (2d Cir. 2009) (holding that "[t]he findings of a sentencing court must be sufficiently specific to permit meaningful appellate review"). Based on this record, we cannot conclude that the District Court erred, much less plainly so, with respect to its factual findings as adopted at Rivera's sentencing proceeding.

## II.       Substantive Reasonableness

We review the substantive reasonableness of a sentence for abuse of discretion, "taking into account the totality of the circumstances." *United States v. Rigas*, 583 F.3d 108, 121 (2d Cir. 2009) (internal quotation marks omitted). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citation omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art"). Under this standard, we will vacate the sentence imposed by the district court only if permitting the sentence to stand would "damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *Rigas*, 583 F.3d at 123. Because a "sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime," our review on appeal is necessarily deferential to the determination of the district court. *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (en banc).

To prevail on a substantive reasonableness challenge, the defendant must show that the district court abused its discretion in determining that the sentence was supported by the factors in 18 U.S.C. § 3553(a).[1] *See United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008); *United States v.*

---

[1] The statutory text of 18 U.S.C. § 3553(a) provides in relevant part that the district court:

shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

4

*Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) (remarking that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances"); *see also United States v. Mumuni Saleh*, 946 F.3d 97, 107 (2d Cir. 2019) (observing that "a sentence is outside the range of permissible decisions when it is manifestly unjust or when it shocks the conscience") (internal quotation marks omitted). Based on the record before us, we cannot agree with Rivera that his within-Guidelines sentence of 130 months (ten months more than the statutory minimum, and five months below the applied Guidelines maximum) is substantively unreasonable. As noted by the Government, the District Court showed Rivera considerable leniency by finding that he had accepted responsibility and reducing his offense level under U.S.S.G. § 3E1.1, despite Guidelines commentary advising against applying that reduction in cases where a defendant's conduct involved obstruction of justice. Due to this two-level reduction, Rivera avoided a Guidelines range of 135 to 168 months. Accordingly, we cannot conclude that the District Court abused its discretion such that the sentence imposed was substantively unreasonable.

We are also not persuaded by Rivera's argument that the sentence principally of 130 months was inconsistent with the District Court's stated intent to impose a sentence "at the mid range," contending that the District Court was committed to sentencing Rivera to the precise "midpoint" of the 108-135 months Guidelines range (121 months). *See* Appellant's Br. at 36. Because Rivera faced the statutory minimum of 120 months, however, Rivera's sentence falls in the mid range of the Guidelines range of 120 and 135 months, which we understand to plainly match the District Court's expressed intent to impose a "mid range" sentence. In the circumstances presented, the sentence imposed by the District Court was well within its informed discretion.

---

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; …

## CONCLUSION

We have reviewed all of the arguments raised by Rivera on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 10, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk