21-562 (L)
*United States v. Torres*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand twenty-two.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                             Nos. 21-562, 21-572

JONATHAN TORRES,

> *Defendant-Appellant,*

TERESA TORRES, JOSE SOSTRE, AKA GOLDO, AKA CHULETTA,

> *Defendants.**

———————————————————————————

FOR APPELLEE:                          BRIAN P. LEAMING (Sandra S. Glover, *on the brief*), *for* Leonard C. Boyle, Acting

---

* The Clerk of Court is directed to amend the case caption to conform to the above.

United States Attorney for the District of Connecticut, New Haven, CT.

FOR APPELLANT: CHARLES F. WILLSON, Federal Public Defender's Office, District of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 8, 2021, is **AFFIRMED**.

In November 2020, Jonathan Torres pleaded guilty to distributing fentanyl and unlawfully possessing a firearm as a felon. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C); 18 U.S.C. § 922(g)(1). The written plea agreement anticipated that Torres's criminal history score would be category III, resulting in a Sentencing Guidelines range of 46 to 57 months of imprisonment. The presentence report (PSR), however, calculated Torres's criminal history category as IV, not III, resulting in a range of 57 to 71 months. Based on that range and on its review of the section 3553(a) factors as applied to Torres, the district court imposed a principal sentence of 70 months of imprisonment. On appeal, Torres does not dispute that the criminal history category anticipated in his plea agreement was incorrect nor argue that the district court calculated his actual Guidelines range incorrectly. Rather, he argues that the district court abused its discretion when, failing to recognize its authority to depart from the properly calculated Guidelines range as recognized in *United States v. Fernandez*, 877 F.2d 1138 (2d Cir. 1989), it did not impose a sentence within the range set forth in the plea agreement. Upon review, we identify no error. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

In *Fernandez*, this court stated that a sentencing judge "may depart from a Guidelines sentence in order to give effect to a plea bargain if such a departure is warranted." 877 F.2d

at 1145.[1] But sentencing judges "retain broad discretion to deny . . . requests to depart from the Guidelines." *Id.* And it is a "well-settled legal principle that the sentencing judge is . . . not bound by the estimated range in a plea agreement." *United States v. Hamdi*, 432 F.3d 115, 124 (2d Cir. 2005).

To the extent that Torres urges otherwise by professing that he relied on the plea-agreement range in entering a guilty plea, his argument is defeated by the plea agreement. The agreement expressly warned that the predicted criminal history category may be "recalculate[d]" if the "initial assessment prove[d] inaccurate," that the anticipated Guidelines range was not final, and that the district court would not be bound by the calculation in the agreement. Gov't App. 22–23. Further, during Torres's plea hearing, the district court repeatedly warned him that "until the time of sentencing . . . you cannot know with certainty what the recommended sentencing range calculated using the Sentencing Guidelines will be, or know how much weight the Court will put on which particular factors under the statute, including the Sentencing Guidelines." Def. Add. 34. The court also explained that, at sentencing, "the probation officer could raise a question and the Guidelines calculations could turn out to be different than what you and the government have agreed to in the plea agreement." *Id.* at 35. Torres explicitly acknowledged during this plea hearing that the calculations "could change" and affirmed that he understood the possibility, as he had in the written plea agreement. *Id.*

No more availing is Torres's argument that the district court abused its discretion by affording too much weight to the government's failure to oppose a sentence within the properly calculated range, and (although this is not clear from the briefs) by misunderstanding its authority under *Fernandez* to impose a sentence within the range originally agreed to by the government. As the sentencing transcript reflects, the district court by no means rested its sentencing decision on the government's position about the properly calculated sentencing range. Rather, it thoroughly explained its decision not to make a downward departure or variance (under *Fernandez* or otherwise), based on its assessment of

---

[1] In quotations from caselaw and the parties' briefing, this order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

the goals of sentencing and the circumstances of Torres's offense. *See* Def. Add. 96 ("I think [Torres's] conduct was . . . quite egregious . . . [s]o even if it were a situation where I could look at it under *Fernandez*, it's not a situation where I would exercise my discretion to depart in calculating the advisory range under the Sentencing Guidelines."). The district court took account of Torres's family background and criminal record and stressed the need for specific deterrence in explaining its decision to impose a 70-month sentence. *Cf. United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (holding that even error does not warrant vacatur where district court indicated it would impose challenged sentence in any event).[2]

In sum, although district courts retain discretion to give effect to the Guidelines range anticipated in a plea agreement by departing downward from a corrected Guidelines range in appropriate circumstances, they have no obligation to do so. *See Fernandez*, 877 F.2d at 1145. Here, the district court understood its authority and specifically explained why it saw no reason to depart. The record provides no basis for concluding that it abused its discretion in imposing the sentence it selected, and we identify no other basis for disturbing the district court's judgment. *See United States v. Robinson*, 799 F.3d 196, 201 (2d Cir. 2015) ("[A] district court's decision not to depart from the Guidelines is generally unreviewable, unless it misunderstood its authority to do so.").

\* \* \*

We have considered Torres's remaining arguments and find in them no basis for reversal. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[2] In light of the district court's clear statement of reasons for its sentence, we identify no merit in Torres's argument that the goal of sentencing consistency would be undermined by adhering to the increased criminal history category brought about only by a one-point change pertaining to a past criminal offense.

4