16-2915
United States v. Commerford

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of September, two thousand seventeen.

PRESENT: RALPH K. WINTER,
DENNY CHIN,
SUSAN L. CARNEY,
*Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                        16-2915-cr

BRADLEY COMMERFORD,

*Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                    SARALA V. NAGALA, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

FOR DEFENDANT-APPELLANT:     JAMES P. MAGUIRE, Assistant Federal
Defender, *for* Terence S. Ward, Federal
Defender, District of Connecticut, New Haven,
Connecticut.

Appeal from the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Bradley Commerford appeals the judgment of conviction entered August 15, 2016, after a guilty plea, convicting him of distributing heroin to an individual under 21 years of age, in violation of 21 U.S.C. §§ 841(a)(1) and 859. On August 12, 2016, the district court sentenced Commerford principally to 71 months' imprisonment. On appeal, Commerford challenges the procedural and substantive reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The record establishes that Commerford sold heroin in Connecticut in January and February of 2016. On February 16, 2016, members of the Shelton Police Department responded to a reported heroin overdose of an 18-year-old man. The 18-year-old victim's 16-year-old girlfriend was present during her boyfriend's overdose and medical resuscitation. Both later told law enforcement that they purchased the heroin from Commerford. The 16-year-old said that she began regularly purchasing heroin from him in January 2016. At least two other men overdosed from heroin

2

purchased from Commerford during this time: a 22-year-old man suffered a non-fatal overdose on February 16, 2016, and a 23-year-old man suffered a fatal overdose on February 17, 2016.

Commerford pleaded guilty to distributing heroin to an individual under 21 years of age, in violation of 21 U.S.C. §§ 841(a)(1) and 859, in or about January through February 2016. The record establishes that during this timeframe Commerford sold heroin to at least two individuals who were then under the age of 21: the 18-year-old man and his 16-year-old girlfriend. While the statute governs sales to anyone under the age of 21, the Sentencing Guidelines provide for an additional enhancement if the sale involves someone under the age of 18. *See* U.S.S.G. § 2D1.2(a)(3). Accordingly, based on Commerford's sales to the 16-year-old girlfriend, the parties stipulated to a base offense level of 26 in the written plea agreement, pursuant to § 2D1.2(a)(3) of the Guidelines. After subtracting three levels for acceptance of responsibility and factoring in Commerford's placement in criminal history category III, the parties anticipated a guidelines range of imprisonment of 57 to 71 months.

On August 12, 2016, Commerford appeared for sentencing. The parties agreed that the guidelines range was 57 to 71 months imprisonment. The district court heard from defense counsel, Commerford's brother, Commerford himself, government counsel, and family members and a friend of the 23-year-old man who died. The district court then sentenced Commerford to 71 months' imprisonment, the top of the

3

recommended guidelines range. After objecting to the sentence, Commerford timely

appealed, challenging both the procedural and substantive reasonableness of his

sentence.

## I.     **Procedural Reasonableness**

We review the procedural reasonableness of a sentence under a

"deferential abuse-of-discretion standard." *United States v. Aldeen*, 792 F.3d 247, 251 (2d

Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "A district court commits

procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in

its Guidelines calculation, or treats the Guidelines as mandatory." *United States v.*

*Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (internal citations omitted). A district

court also commits procedural error when it "does not consider the § 3553(a) factors,"

"rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain

its chosen sentence." *Id.*

Section 2D1.2 of the Sentencing Guidelines governs drug offenses

involving underage individuals and provides for a base offense level of 26 where "the

offense involved a person less than eighteen years of age." U.S.S.G. § 2D1.2(a)(3). At

sentencing, Commerford argued that § 2D1.2(a)(3) was overbroad because it treats

dissimilar offenses similarly in that it fails to distinguish "between a 40-year-old who

targets children and a teenager selling to friends." App'x 47. On appeal, Commerford

reiterates this argument and asserts that the district court failed to recognize its

authority to vary from the guidelines based on his policy-based challenge to § 2D1.2(a)(3). This argument fails.

There is no indication in the record that the district court misunderstood its authority to vary from § 2D1.2(a)(3) based on a policy disagreement. *See United States v. Robinson*, 799 F.3d 196, 201 (2d Cir. 2015) ("In the absence of clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority, we presume that a sentenc[ing] judge understood the scope of his authority." (citation omitted)). The district court explicitly considered and rejected Commerford's policy-based challenges to § 2D1.2(a)(3). Specifically, the district court "note[d] that there's a request that I consider the nature of the base offense level of 26 in fashioning a sentence here." App'x 200-01. In responding to Commerford's policy argument that § 2D1.2(a)(3) is overbroad, the district court explained that "courts have discretion to take into account the individual circumstances of the defendant who's under consideration. That's expected to happen and I've done that here." App'x 201. In responding to Commerford's argument that § 2D1.2(a)(3) is "very rarely applied," App'x 167, the district court reasoned "that this is a provision that's not used very frequently . . . because we . . . don't have a lot of people who are engaged in selling to teenagers who wind up getting federally prosecuted because their conduct does not rise to that level of seriousness," App'x 201. The district court thus considered and rejected Commerford's policy-based challenges to § 2D1.2(a)(3).

## II.  Substantive Reasonableness

A sentence imposed by the district court is substantively unreasonable only if it "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).  Accordingly, we will set aside sentencing decisions only in "exceptional cases," as we will not substitute our judgment for that of the district court.  *Id.*

The district court imposed a within-guidelines sentence of 71 months' imprisonment, citing Commerford's prior arrests (including two for drug trafficking offenses) and his status on probation when he committed the instant offense, the overdoses, the fact that Commerford was on his way to purchase more drugs at the time of his arrest, his lack of sincere remorse, and the fact that a different charging decision could have been made, based on the death of the individual who purchased drugs from Commerford, which would have triggered a twenty-year mandatory minimum term of imprisonment.  The district court's sentence was not substantively unreasonable.

Commerford argues that the district court gave insufficient weight to a number of mitigating considerations, including his own heroin addiction, his history of trauma and the resulting post-traumatic stress disorder, his youth, and the small quantity of heroin involved in the offense.  The district court carefully considered these factors, however, and reasonably determined its sentence of 71 months' imprisonment

would achieve specific deterrence and "just punishment" for an "egregious" offense. App'x 207.

Commerford also argues that his placement in criminal history category III overstated the seriousness of his past criminal activity because he never served any prior term of imprisonment. The district court, however, reviewed Commerford's three arrests in 2014, his court-ordered substance abuse treatment in 2015, the sentences imposed in state court in 2016, and Commerford's status on probation when he committed the instant offense, and concluded "[i]t is not at all inappropriate that the defendant's criminal history points are taken for what they are, especially in light of the fact that he was continuing to engage in criminal conduct when he was on probation." App'x 203.

Accordingly, the district court's sentence was not substantively unreasonable.

. . .

We have considered all of Commerford's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



7