22-678-cr
*United States v. Yaghmour*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand twenty-three.

PRESENT:
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> > *Circuit Judges*.

_____

United States of America,

> *Appellee*,

> v.                                                                            22-678-cr

Georges Yaghmour,

> *Defendant-Appellant*.

_____

FOR DEFENDANT-APPELLANT:      MICHAEL B. COHEN, Law Office of Michael B. Cohen, Fort Lauderdale, FL.

FOR APPELLEE:      MICHAEL P. DRESCHER (Gregory L. Waples, *on the brief*), Assistant United States Attorneys, *for* Nikolas P. Kerest, United States Attorney for the District of Vermont, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Crawford, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Georges Yaghmour appeals from the district court's judgment, entered on March 17, 2022, following his guilty plea to conspiring to possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B). Based upon his guilty plea, Yaghmour was sentenced to sixty-three months' imprisonment and no supervised release. Yaghmour challenges the procedural and substantive reasonableness of the sentence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

This conviction arose from a large-scale cocaine transaction that involved Yaghmour and a co-conspirator traveling from Canada to Vermont, on December 5, 2019, to meet with an undercover Drug Enforcement Administration (DEA) agent and confidential informant who were posing as cocaine transportation service providers. During the meeting, at the direction of his co-conspirators in Canada, Yaghmour negotiated the payment of $1,000,000 for the transportation of 500 kilograms of cocaine from South America to Canada via Vermont. Several weeks later, Yaghmour's co-conspirator returned to Vermont with a $150,000 down payment for the undercover agent's purported transportation services. As part of the undercover operation, the DEA subsequently seized approximately 300 kilograms of cocaine in South America, and then received additional money in exchange for the anticipated delivery of the cocaine to Canada. By

2

September 2020, the Canadian purchasers had become increasingly impatient about the anticipated delivery. The undercover agent then arranged for a fifty-kilogram delivery of cocaine in Vermont. After two co-conspirators were arrested at the meeting where they were to receive that delivery and did not return to Canada with the cocaine, the paternal grandparents of one of the arrested co-conspirators were kidnapped in upstate New York and taken to Canada, where they were held for a ransom that included the return of the cocaine that their grandson was supposed to receive in Vermont. After another controlled delivery of the cocaine led to additional arrests, Yaghmour traveled to Florida to meet with the confidential informant to discuss the problems with the transportation of the cocaine. Yaghmour was arrested upon his arrival in Florida.

At sentencing, the district court adopted the parties' stipulations that Yaghmour should only be held accountable for between 150 to 450 kilograms of cocaine under the United States Sentencing Guidelines, and that he also was eligible for the safety-valve reduction under U.S.S.G. § 5C1.2. Under those stipulations, the Guidelines calculation resulted in an advisory range of sixty-three to seventy-eight months' imprisonment. The district court allowed Yaghmour to call two witnesses, his sister and long-time girlfriend to, *inter alia*, support his argument for a downward departure and/or variance from the Guidelines range based upon an imperfect defense of coercion and/or duress. That argument was based upon violence that Yaghmour and his family allegedly experienced in Canada, including the firebombing of his restaurant and houses, due to gambling debts he owed to some of his co-conspirators. After hearing the testimony from the two witnesses and the arguments from both sides, the district court sentenced Yaghmour to sixty-three months' imprisonment. This appeal followed.

I. **Procedural Reasonableness**

3

Yaghmour contends that the district court committed the following procedural errors during sentencing: (1) improperly considering the "greater conspiracy involv[ing] the kidnapping of an elderly couple, even though the government had conceded that [Yaghmour] had nothing to do with the kidnapping," Appellant's Br. at 16; (2) failing to consider Yaghmour's mitigating factors, including coercion and duress; and (3) failing to downwardly depart from the advisory Guidelines based on those mitigating factors. As set forth below, we find each of these arguments unpersuasive.

We review a district court's sentencing decisions for reasonableness under a deferential abuse-of-discretion standard. *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011) (per curiam). We have found procedural error where "the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the [18 U.S.C.] § 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines without explanation." *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Where, as here, a defendant failed to raise the procedural objections at sentencing, we review for plain error. *United States v. Caltabiano*, 871 F.3d 210, 219 (2d Cir. 2017). Plain error exists "only where the appellant demonstrates that (1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration in original) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

First, although Yaghmour contends that the district court improperly considered the kidnapping of the elderly couple by his co-conspirators, we disagree. It is clear from the record that the district court understood that Yaghmour was not responsible for the kidnapping. The government advised the district court at sentencing that Yaghmour was not involved in the kidnapping, and the kidnapping was not included as "relevant conduct" under U.S.S.G. § 1B1.3 in the district court's Guidelines calculation. The district court did not even reference the kidnapping until it "turn[ed] from the[] guideline calculations to the broader statutory factors set out at 18 U.S.C. Section 3553." App'x at 111. Within its discussion of the Section 3553(a) factors, the district court briefly mentioned the kidnapping because, even though Yaghmour was not directly involved in it, the kidnapping illustrated the dangerous nature of the organization that Yaghmour chose to associate with in a large-scale cocaine operation. In particular, the district court explained:

> Obviously, you became involved in a very serious crime with very serious organized crime type figures, people who went so far as to kidnap an elderly couple and hold them for a day or two, people involved in international drug trafficking at substantial levels. So that shows a poor judgment and, and [sic] a criminal bent in your case. Something to think about.

App'x at 111–12.

To the extent Yaghmour challenges the consideration of the kidnapping to that limited extent, we find his argument unavailing. When applying Section 3553(a), the sentencing court is "entitled to consider any 'information concerning the background, character, and conduct' of the defendant." *United States v. Broxmeyer*, 699 F.3d 265, 287 (2d Cir. 2012) (quoting 18 U.S.C. § 3661). Thus, in its discretion, the district court is not limited to acts that constitute "relevant conduct" under the Sentencing Guidelines, but rather may consider the broader circumstances

5

surrounding the defendant's criminal activity, including the level of dangerousness posed by the criminal organization with whom the defendant affiliated.[1] *See, e.g.*, *United States v. Wernick*, 691 F.3d 108, 119 (2d Cir. 2012) ("Our conclusion that [the defendant's acts] are not technically 'relevant conduct' to the specific offense charged in [the indictment] does not imply that those acts are not highly relevant (in a non-technical sense) to the district court's evaluation [of the Section 3553(a) factors]."); *see also United States v. Jenkins*, 2022 WL 3138879, at *7 (2d Cir. Aug. 5, 2022) (summary order) (holding that two murders that were not "relevant conduct" under Sentencing Guidelines were properly considered by the district court under the Section 3553(a) factors as to defendant's involvement in a "violent motorcycle gang"). Such circumstances can be relevant to several of the Section 3553(a) factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Indeed, at one point during the sentencing, defense counsel acknowledged that "the kidnapping and the amount of the quantity [of cocaine] is a serious factor to be considered by the Court." App'x at 107. Accordingly, we discern no plain error in the district court's consideration of the kidnapping under the Section 3553(a) factors to the extent it demonstrated Yaghmour's willingness to negotiate a large-scale cocaine transaction on behalf of a dangerous group of individuals.

Second, we find similarly without merit Yaghmour's assertion that the district court failed to consider the mitigating factors articulated by defense counsel in support of a more lenient sentence. The district court allowed Yaghmour to call two witnesses at the sentencing hearing to

---

[1] We note that, by his own account, Yaghmour was undoubtedly aware of the violent nature of this drug conspiracy prior to joining it because, as discussed *supra*, he asserted that some of the co-conspirators had firebombed his restaurant and home before he decided to participate in the conspiracy.

support his arguments as to the mitigating factors. Moreover, the district court explicitly referenced several mitigating factors in its discussion of the Section 3553(a) factors, including that Yaghmour was a skilled practitioner in the culinary arts with a plan for his future, and that he had a supportive family. Although the district court did not address every mitigating factor raised by Yaghmour, we have emphasized that a sentencing judge is "under no obligation to engage in an express discussion of every argument made by a defendant at sentencing" and we "entertain a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise." *United States v. Robinson*, 799 F.3d 196, 202 (2d Cir. 2015) (internal quotation marks and citation omitted). Here, there is no indication in the record that the district court failed to consider Yaghmour's arguments and mitigating factors in its analysis of the Section 3553(a) factors.

Finally, we likewise conclude that the district court committed no procedural error in declining to grant a downward departure from the advisory Guidelines range based on mitigating factors. "[A] district court's decision not to depart from the Guidelines is generally unreviewable, unless it misunderstood its authority to do so." *Id.* at 201. If a defendant argues that a sentence is procedurally unreasonable because there was such a misunderstanding, the "defendant must point to clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority." *United States v. Scott*, 387 F.3d 139, 143 (2d Cir. 2004) (internal quotation marks and citation omitted). Here, after defense counsel described his motions for a downward departure and/or variance, the district court explicitly noted that it had considered "all departure authority contained in the Guidelines policy statements," App'x at 109, and there is no evidence in the record that the district court, in exercising its sentencing discretion, misapprehended that authority.

7

Although Yaghmour points to the lack of any explanation by the district court for denying his departure motions, "[a] district court is not obliged to give reasons for refusing to depart," and the absence of an explanation, generally, "does not support an inference that the district court misapprehended its scope of authority." *Scott*, 387 F.3d at 143; *accord United States v. Young*, 811 F.3d 592, 599 (2d Cir. 2016). Accordingly, the district court committed no procedural error in connection with the downward departure motions.

## II.    Substantive Reasonableness

Yaghmour also suggests that that the sixty-three-month sentence was substantively unreasonable in light of the mitigating factors presented to the district court at sentencing. We disagree.

Yaghmour "bears a heavy burden because our review of a sentence for substantive reasonableness is particularly deferential." *Broxmeyer*, 699 F.3d at 289. Under that standard, we find an abuse of discretion by the sentencing court only where the sentence imposed is either "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). This Court does not "substitute [its] own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case but will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (per curiam) (internal quotation marks and citation omitted) (emphasis in original). As we have observed before, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad

8

range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

The district court's imposition of a sixty-three-month sentence, which was the lowest sentence in the applicable Guidelines range, was well within the district court's discretion under the facts of this case. With respect to nature and circumstances of the offense, the district court noted that "this was a large-scale cocaine trafficking," namely, the transaction involved "a million dollars, more than half of which was actually paid, and the amounts [of cocaine] involved were significant, close to 500 kilograms." App'x at 111. The district court further explained that it had considered and balanced the other Section 3553(a) factors, including Yaghmour's strong family support and future plans with his restaurant business, but that it had placed particular emphasis on "the seriousness of the crime," involving "so much money and such a large quantity of drugs," as "one of the most important factors." App'x at 111, 113.

Yaghmour's substantive reasonableness argument turns on his belief that the district court did not give his mitigating factors "sufficient weight." Appellant's Br. at 20. However, rather than considering "what weight we would ourselves have given a particular factor" in assessing substantive reasonableness, we "consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc). Here, we conclude that the seriousness of the crime can bear the weight the district court assigned it, and that the sentence at the low end of the Guidelines range is not "shockingly high," *Rigas*, 583 F.3d at 123, even in the context of the mitigating factors asserted by Yaghmour.

9

Accordingly, we find no basis to disturb the sentence on substantive reasonableness grounds.

*                    *                    *

We have considered Yaghmour's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10