*United States of America v. Flannagan (Brunson)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                              22-2075-cr

TREVON BRUNSON,

*Defendant-Appellant*.*

---

| | |
|---|---|
| For Appellee: | Rajit S. Dosanjh, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY |
| For Defendant-Appellant: | Molly K. Corbett, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Albany, NY. |

---

* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Trevon Brunson appeals from a judgment of the district court sentencing him, upon the revocation of his supervised release, to 24 months' imprisonment and three years of supervised release. Brunson initially pled guilty, in June 2020, to distribution of heroin, pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). He was then sentenced to 21 months' incarceration, to run concurrently with an ongoing 54-month state sentence for felony assault, and to be followed by three years of supervised release. His supervised release began in November 2021. In September 2022, Brunson admitted to violating the terms of his supervised release in March 2022 by, *inter alia*, selling crack cocaine, an offense for which he also pled guilty in state court. The district court sentenced Brunson on September 6, 2022, with a judgment issuing on September 9, 2022. At the time of sentencing, Brunson was also facing state imprisonment and supervision for the conduct underlying his supervised release violations. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss here only insofar as necessary to explain our decision to **AFFIRM**.

On appeal, Brunson challenges only that portion of the judgment sentencing him to three years of supervised release. We examine both the procedural and substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *United States v. Robinson*, 799 F.3d 196, 201 (2d Cir. 2015); *see United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020). Here, however, because Brunson failed to raise his procedural challenge below, we review that challenge

2

for plain error. *United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir. 2007). As relevant here, the district court imposes a procedurally unreasonable sentence if it "fails adequately to explain the chosen sentence." *United States v. Aldeen*, 792 F.3d 247, 251 (2d Cir. 2015) *as amended* (July 22, 2015), *superseded by statute on other grounds, as recognized in United States v. Smith*, 949 F.3d 60, 64 (2d Cir. 2020). "We reverse for substantive unreasonableness only 'when the trial court's sentence cannot be located within the range of permissible decisions.'" *Smith*, 949 F.3d at 66 (citation omitted).

Brunson first argues that the imposition of supervised release was procedurally unreasonable because the district court failed to explain why the reimposition of federal supervised release was necessary when he faced both federal and state terms of incarceration and future state supervision. For the following reasons, we disagree. We discern no error, much less error that is plain.

The "length and detail required of a district court's explanation" as to a sentence "varies according to the circumstances." *United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012). "Where, as here, the sentence concerns a violation of supervised release and the ultimate sentence is within the recommended range, compliance with the statutory requirements can be minimal." *Id.* at 192. "[W]e never have required a District Court to make specific responses to points argued by counsel in connection with sentencing," *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010), nor have we ever "required a district court to explain in open court why any particular unselected sentence would be inappropriate," *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020).

Here, the transcript of the sentencing hearing reveals the reason why the district court imposed the three-year term of supervised release, taking into account Brunson's other terms of

incarceration and potential state supervision. As a preliminary matter, the district court noted that "I am aware that the defendant is yet to be sentenced in state court for the underlying charges, but I'm also aware that he commenced supervision here in federal court . . . and just four short months later he was back at it . . . selling crack cocaine . . . [I]t's very, very concerning to me . . . ." App'x 37. The district court explained that it imposed the term of supervised release "in the hopes of being able to do something for this 25-year-old man who has a child to get on the right track because [with] the criminal history category 5, if he cannot get on the right track, he is going to spend most of his adult life in jail." App'x 38. In response to Brunson's claim that he was selling drugs again because he "couldn't find a legitimate job," App'x 39, the district court further explained the purpose of the sentence by saying "[t]he reason I have you on probation is that hopefully probation can help you transition into a legitimate job when you get out of prison," App'x 40. The record thus refutes the claim that the court failed adequately to explain why federal supervised release was necessary. Brunson's contention to the contrary is without merit.

Brunson next argues that the imposition of supervised release was substantively unreasonable because it was "greater than necessary" given Brunson's other sentences. Appellant's Br. at 17 (citing *United States v. Mumuni*, 946 F.3d 97, 107 (2d Cir. 2019)). We again disagree. In reviewing a sentence for substantive reasonableness, we consider the "totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts.'" *Smith,* 949 F.3d at 66 (citation omitted). This deference "extends to sentences imposed for violations of supervised release, including the imposition of additional terms of supervised release." *See United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (per curiam).

In setting a term of supervised release, the court "shall consider," 18 U.S.C. § 3583(c), "the

nature and circumstances of the offense and the history and characteristics of the defendant . . . [and] the need for the sentence imposed . . . to provide the defendant with needed . . . correctional treatment in the most effective manner," 18 U.S.C. § 3553(a)(1), (a)(2)(D). The sentence imposed was reasonable in light of Brunson's recent violations of supervised release, his explanation that he committed those violations due to his inability to obtain a legal job, and the district court's conclusion that federal supervision might assist Brunson in rehabilitating himself. The sentence imposed did not go beyond "the range of permissible decisions" and was thus not substantively unreasonable. *Smith*, 949 F.3d at 66.

\* \* \*

We have considered Brunson's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk